**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 00-30963**

**LADDIE McVICKER,**

**Plaintiff-Appellant,**

**VERSUS**

**ALBEMARLE CORPORATION,**

**Defendant-Appellee.**

Appeal from the United States District Court
For the Middle District of Louisiana

(97-CV-11)

March 15, 2001

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this employment discrimination lawsuit brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Laddie McVicker appeals the district court's grant of summary judgment to Albemarle Corporation ("Albemarle").

McVicker was an employee of Albemarle in its Distribution

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department, and he had worked for Albemarle and its predecessors in interest since 1969. In March 1996, Albemarle instituted a reduction in force ("RIF") in connection with the sale of its Olefins and Derivatives business. The Distribution Department was reorganized and McVicker's position was eliminated. Two new positions developed as a result of the reorganization, but McVicker was not selected for either of these positions because Albemarle believed that he was not the most suitable candidate for those positions as he lacked, among other qualifications, a chemical engineering degree. The two positions were ultimately filled by employees younger than McVicker. Albemarle moved for summary judgment arguing that McVicker had failed to establish a prima facie case of discrimination or, alternatively, that he had failed to establish that Albemarle's proffered legitimate, non-discriminatory reason for not selecting McVicker, the RIF, was a pretext for intentional, age-based discrimination.

The district court concluded that although a reasonable fact finder could find that McVicker established a prima facie case of age discrimination, McVicker failed to offer proof or create a genuine issue of material fact as to whether Albemarle's stated reasons for terminating McVicker's employment were pretextual or that the real reason for his termination was intentional age discrimination.

We review a district court's award of summary judgment de novo, applying the same standards that would have been applicable

in the district court.  *See* **Sherrod v. American Airlines, Inc.**, 132 F.3d 1112, 1119 (5th Cir. 1998).  Having conducted such a review, having reviewed the record of this case, and having considered the parties' respective briefing with the benefit of argument, we conclude that for substantially the same reasons articulated by the district court in its order, Albemarle is entitled to summary judgment.  Accordingly, the judgment of the district court in favor of Albemarle Corporation is affirmed in all respects.  Albemarle's request for attorney's fees pursuant to Rule 38 of the Federal Rules of Appellate Procedure is denied.

**AFFIRMED.**